HENRY BRENNEKE AND THEO. H. POLACK v. M. J. DUIGENAN.

**No. 183.**

1. EXEMPTIONS — *money, the proceeds of mortgage on homestead, is exempt.* The proceeds of a mortgage given upon a homestead are not subject to garnishment for the payment of an ordinary judgment indebtedness. The husband and wife have a right to sell or mortgage the homestead, and the money derived from such sale or mortgage is exempt.

2. GARNISHMENT — *chapter 151, Laws of 1889, applicable in district court only.* The provisions of chapter 151, Laws of 1889, p. 210, are applicable only to procedure in the district court. The first section of the act reads: "Any creditor shall be entitled to proceed by garnishment in the district court of the proper county against any person," etc.

Error from Marshall District Court. Hon. R. B. Spilman, Judge. Opinion filed July 20, 1897. *Affirmed.*

This action was commenced by M. J. Duigenan against Henry Brenneke and Theo. H. Polack, in a justice's court. The case was afterwards appealed, and tried in the District Court of Marshall County. In the District Court, Duigenan recovered judgment against defendants for $131.60 and costs. Defendants bring the case here for review.

A. C. Holst and wife executed a mortgage to Henry Brenneke for four hundred dollars on their home-

230    BRENNEKE v. DUIGENAN.

N. Dept.            Opinion.   McElroy, J.            6 Kan. App.

stead. The mortgagee, at the time of the execution of the mortgage, paid Holst a portion of the money, and he and Polack gave duebills for the remainder. A few days after the execution of the duebills they were assigned to M. J. Duigenan.

Prior to the assignment of the duebills, the Hanover State Bank brought its action against Holst in a justice's court and procured service in garnishment proceedings upon Brenneke and Polack. The answer filed by Brenneke disclosed that Duigenan had an interest in the duebills, but did not disclose the fact that the duebills were given as a part of the consideration for a mortgage upon the homestead of Holst; thereupon notice was issued and served on Duigenan, under the provisions of chapter 151, Laws of 1889. Holst failed to make any appearance in any of the proceedings had in the case. Duigenan appeared in court and agreed to a continuance of the case; this was the only appearance made by him in the proceedings in garnishment. In this proceeding in garnishment, judgment was rendered for the payment of the duebills into court for the use of the judgment creditor. The plaintiffs in error offer this judgment as a defense to the action of Duigenan.

*W. S. Glass* and *Theo. H. Polack*, for plaintiffs in error.

*Mann & Redmond*, for defendant in error.

McElroy, J. There are but two questions in this case.

I. Are the proceeds of a mortgage on a homestead subject to garnishment for the payment of an ordinary judgment indebtedness? The homestead was exempt, and Holst and wife had a right to sell the homestead

or mortgage the same, and the money derived from such sale or mortgage would be exempt. This fund was exempt. It was not subject to garnishment on an ordinary claim or judgment.

II. Are the provisions of chapter 151, Laws of 1889, p. 210, applicable to proceedings in justice's court? We are of the opinion that it was the intention of the Legislature that the provisions of such chapter should be applicable to procedure in the district court only. The first section of the act reads : "Any creditor shall be entitled to proceed by garnishment in the district court of the proper county against any person," etc. It was evidently the intention of the Legislature that this chapter should be confined in its operation to procedure in the district court. There is nothing in the act itself inconsistent with the declarations of the Legislature.

The judgment is affirmed.